**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION**

```
UNITED STATES OF AMERICA   )
                           )    CRIMINAL ACTION NO.
    v.                     )       1:14cr323-MHT
                           )            (WO)
CHARLES P. SLY             )
```

OPINION AND ORDER

This cause is before the court on defendant Charles P. Sly's motion to continue. The government does not oppose the request. For the reasons set forth below, the court finds that jury selection and trial, now set for November 3, 2014, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(iv), or "[w]hether the case is so unusual or so complex . . . that it is unreasonable to expect adequate preparation" without

granting a continuance. 18 U.S.C. § 3161(h)(7)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Sly in a speedy trial. Sly represents that he has requested pre-trial diversion. If his request is granted, the paperwork and review process for the diversion program will extend right up until, if not after, the currently scheduled trial date. If his request for pre-trial diversion is denied, Sly represents that he would likely proceed with a plea, so that a trial would not be necessary. A continuance is therefore warranted to enable Sly the opportunity to comply with pre-trial diversion program requirements, or, if his pre-trial request is not granted, to pursue his plea bargain options.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Charles P. Sly's motion for continuance (doc. no. 15) is granted.

(2) The jury selection and trial, now set for November 3, 2014, are reset for March 9, 2015, at 10:00 a.m., at the Federal Building & U.S. Courthouse, 100 West Troy Street, Dothan, Alabama.

DONE, this the 20th day of October, 2014.

                         /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE